†O. E. ATWOOD ET AL. v. RODNEY M. WHIPPLE.

REVIEW OF ORDER MADE AT CHAMBERS.

The circuit court has no jurisdiction to review an order of the common pleas court made at chambers.

PER CURIAM:

The case of Atwood and others against Rodney M. Whipple is submitted to the court on a demurrer to the petition in error.

The Backus Steam Heater Co. filed its petition in the court of common pleas, praying, among other things for an injunction. Afterwards Rodney M. Whipple, made a party to the action, filed his cross-petition, and upon his cross-petition the court of common pleas allowed a temporay injunction. Two of the defendants moved the court to dissolve the temporary injunction; that motion was heard at chambers, and upon the hearing, the motion was overruled. To the order of the court overruling that motion, the parties making the motion, and another, filed their petition in error in this court to reverse the order of the judge of the court of common pleas refusing to dissolve the injunction. The defendant in error, Whipple, demurs to the petition on the ground that there is a misjoinder of parties, and it is a question under the code of civil procedure whether such a pleading is allowed as a demurrer to a petition in error.

We do not find it necessary to determine whether under any circumstances the court will hear a demurrer to a petition in error. We think the case can be and must be disposed of upon other grounds.

Section 6707 defines a final order.

Section 6708 defines the jurisdiction of the court of common pleas in error, and provides that:

"A judgment rendered or final order made by a probate court, justice of the peace, or any other tribunal, board or officer exercising judicial functions inferior to the court of common pleas, may be reversed, vacated or modified by the court of common pleas."

Section 6709, defining the jurisdiction of the circuit court on error, provides that:

"A judgment rendered, or final order made by the common pleas court, may be reversed, vacated or modified by the circuit court for error appearing on the record."

The order complained of is not an order made by the court of common pleas, but by the judge at chambers, and this court has no jurisdiction to review such an order made at chambers.

The petition in error will be dismissed therefore, for want of jurisdiction of this court to hear it.

Henry Newbegin, for plaintiffs in error, in support of the jurisdiction of the court, cited: Burke v. Railway, 45 O. S., 631; sec. 6707 Rev. Stat.; Young v. Gerdes, 42 O. S., 102; Seville v. Wagner, 46 O. S., 52; C., S. & C. R. R. Co. v. Sloan, 31 O. S., 1.

Hill & Hubbard, for defendants in error.

†This case was affirmed by the supreme court; see opinion 48 O. S. 308.